```
              IN THE UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        ORLANDO DIVISION
```

KAHAMA VI, LLC,

    Plaintiff,
vs.                              CASE NO.: Case 6:12-cv-01922-JSM-TBM

HJH LLC

    Defendant.
_____/

### VERIFIED AMENDED COMPLAINT FOR FORECLOSURE OF COMMERCIAL PROPERTY AND RELATED RELIEF

Per Fed. R. Civ. P. 15, Plaintiff files its Verified Amended Complaint as follows:

1. Plaintiff Kahama VII, LLC, is a limited liability company, whose sole members are Mark S. Carter and Daniel C. Menan, domiciled in and citizens of California, which is a citizen of same for purposes of diversity jurisdiction.

2. Defendant HJH LLC is a limited liability company, whose members are William R. Riveiro, Kirsten L. Rivero, Robert E. McMillan, III and John B. Bahng Jr. domiciled in and citizens of Florida and/or other jurisdictions other than California, which was served on 12/29/13. [Doc 15]

3. Pursuant to 28 U.S.C. § 1332 (a), the Court has diversity jurisdiction over this action because there is

complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, inclusive of damages and the value of the real property. ***Occidental Chem. Corp. v. Bullard***, 995 F.2d 1046 (11th Circuit). The property value may be determined by the instrument governing the property. ***Waller v. Professional Ins. Corp***., 296 F.2d 545, 547 (5th Circuit 1961) ***Burks v. Texas Co.***, 211 F.2d 443 (5th Circuit 1954) *See also* ***Ebensberger v. Sinclair Refining Co.***, 165 F.2d 803, 805 (5th Cir.), *cert. denied,* 335 U.S. 816, 69 S. Ct. 35, 93 L. Ed. 371 (1948); *cf.* ***Stinson v. Dousman***, 61 U.S. (20 How.) 461, 466-67, 15 L. Ed. 966, 969 (1857) (equating value with contract price and finding the jurisdictional amount to be in controversy). Similarly, "in actions seeking declaratory or injunctive relief, it is established that the amount in controversy is measured by the value of the object of the litigation." ***Hunt v. Washington State Apple Advertising Commission***, 432 U.S. 333, 347-48, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977).

4. The object of this litigation concerns foreclosure of real property valued in excess of $75,000.00 and enforcement of a debt in the sum of least $75,000.00, for which the property is secured as collateral by a mortgage,

plus related claims. ***Siewak v. AmSouth Bank***, 2006 U.S. Dist. LEXIS 85262

5. Under 28 U.S.C. § 1367, the Court should exercise supplemental jurisdiction over any claims not meeting the requirements for diversity and/or federal question jurisdiction, arising from the same nucleus of operative facts and same parties, involving relatively simple claims.

6. Under 28 U.S.C. § 1391 and § 89, venue is proper in the Court as the Defendant resides in this District and/or substantial part of the events or omissions giving rise to the claim occurred in this District and/or the real property that is the subject of this action is located in this District.

7. Personal jurisdiction exists and is proper, per Fla. Stat. Ann. § 48.193 and/or Fla. Stat. Ann. § 685.01 and 685.102 and/or the United States Constitution as the Defendant claims an ownership interest in the real property forming the basis for this action, located in Florida.

8. The commercial real property forming the basis for this action is described as:

> Lots 3, 14, 13 and 14, Block 25, FUQUAY AND ROGERS, New Smyrna Beach, Volusia County, Florida, per map in Map Book 7, Page 29, Public Records of Volusia County, Florida and alleyway formerly running North and South through the aforedescribed

property and now vacated by New Smyrna Beach Ordinance No. 353 on October 25, 1945, the above described property also being described as the South 100 fee of the North 200 feet of Marshall's Re-subdivision of Block 25 of the New Smyrna Beach Subdivision per Map Book 9, Page 262, Public Records of Volusia County.

9.   On 6/29/04, Strategica Realty, LLC in which title was vested, conveyed the Property to Defendant, per a Warranty Deed recorded on 7/6/04 at Volusia County O.R. Book 5354, Page 1150, per a precise recorded copy of same attached as **Exhibit 1.**

10.   On 7/7/04, the Defendant executed and delivered a Promissory Note to Coquina Bank for $1,300,000.00, per a precise copy of same attached as **Exhibit 2.**

11.   On 7/7/04, the Property was secured as collateral for the Note, per a Mortgage and related instruments between Defendant and Coquina recorded 7/9/04 at Volusia County O.R. Book 5356, Page 4720, per precise recorded copies of same attached as **Exhibit 3.**

12.   On 9/7/05, the Defendant executed a Renewal Promissory Note, renewing and restating the terms of the Promissory Note, per a precise copy of same attached as **Exhibit 4.**

13. On 3/7/06, the Note was modified, per a Change in Terms Agreement, per a precise copy of same attached as **Exhibit 5.**

14. On 3/31/07, the Defendant executed a Renewal Promissory Note, renewing and restating the terms of the Promissory Note, per a precise copy of same, attached as **Exhibit 6.**

15. On 2/5/08, the FDIC approved the merger of the Royal Bank of Canada [RBC] with Coquina, per a precise copy of the FDIC's merger announcement attached as **Exhibit 7.**

16. On 7/31/08, RBC appointed Landmark Equity Fund I, LLC as its attorney-in-fact regarding the Note, Mortgage and related Renewals and Modifications [the "Instruments"] per a power of attorney recorded on 10/13/08 at Volusia County O.R. Book 6284, Page 1120, per a precise recorded copy of same attached as **Exhibit 8.**

17. On 9/5/08, RBC assigned the Instruments to Landmark Equity Fund I, LLC, per an assignment recorded on 10/13/08 at Volusia County O.R. Book 6285, Page 1145, per a precise recorded copy of same attached as **Exhibit 9.**

18. On 2/16/10, Landmark Equity Fund I, LLC assigned the Instruments to Plaintiff, the current owner and holder

of same, per an assignment recorded on 2/25/10 at Volusia County O.R. Book 6449, Page 1166, per a precise recorded copy of same attached as **Exhibit 10.**

### COUNT I: FORECLOSURE OF COMMERCIAL PROPERTY AND RELATED RELIEF

19. ¶ 1-18 are incorporated by reference.

20. Defendant failed to make scheduled installment payments under the Instruments, in which it is in default, whose last payment was received on or before 12/31/07, resulting in the principal sum at default of $ 1,289.921.55, plus interest upon the principal currently totaling $567,045.93, at the rate of 7.75% from the date of last payment, through 11/1/12, plus attorneys's fees and the costs of this action and those of a since-dismissed foreclosure action.

21. Plaintiff and/or its predecessors in interest accelerated payment of the balance of the debt, of which Defendant was provided with notice and/or notice was waived.

22. On 3/17/08, Plaintiff's predecessors in interest further accelerated the debt by filing suit against HJH for foreclosure and related relief in Volusia County Circuit Court, Case No. 2008 30917 CICI, served upon Defendant HJH on

or about 5/5/08 and subsequently dismissed without prejudice on 7/11/12. [Doc 8]

23. Per 28 U.S.C. § 2001 and § 2201 *et seq*, Fla. Stat. § 45.011 and 702.01 *et seq* and the Court's equitable powers, Plaintiff requests a decree of foreclosure and order of sale, foreclosing the Instruments as to the Defendant's interests and any subordinate interests in the Property, which are barred and foreclosed from any right, title, interest, equity of redemption and claim in the Property.

### COUNT II: RENT AND/OR POSSESSION AND RELATED RELIEF

24. ¶ 1-23 are incorporated by reference.

25. The Defendant is possession of the Property, to which Plaintiff is entitled to rent and/or possession.

26. Per Fed. R. Civ. P. 64, Fla. Stat. § 702.10 (2), and Fla. Stat. § 66.011 *et seq*, Plaintiff requests a decree, requiring the Defendant to pay rent or vacate the Property and awarding possession of the Property to Plaintiff or any other purchaser at sale.

27. Plaintiff seeks only *in-rem* relief in this action as to the real property forming the basis for this case, not any *in-personam* relief, such as damages or a deficiency.

WHEREFORE, Plaintiff prays for the following relief:

a) Per <u>Count I</u>, for a decree of foreclosure and order of sale, foreclosing the Instruments as to the Defendant's interests and any subordinate interests in the Property, which are barred and foreclosed from any right, title, interest, equity of redemption and claim in the Property; and

b) Per <u>Count II</u>, for a decree requiring the Defendant to make rental payments to Plaintiff during the pendency of this proceeding or vacate the Property as well as awarding possession of the Property to Plaintiff or any other purchaser at sale; and

c) For such other just and proper relief.

Respectfully submitted this 8th day of February, 2013

By: */s/Paul G. Wersant*
Paul G. Wersant
Florida Bar No. 48815
1755 North Brown Road, Suite 200
Lawrenceville, Georgia 30043
Telephone: (678) 690-5265
Facsimile: (212) 917-9018
Email: pgwersant@sequoiafinancialsolutions.com
Attorney for Plaintiff

## VERIFICATION

Per 28 U.S.C. § 1746, I verify under penalty of perjury that Amended Complaint is true and correct.

Executed on February 8, 2013

AFFIANT: _____
Roger Hoss

State of Florida

County of Broward

Subscribed and sworn to (or affirmed) before me on this 8th day of February, 2013 by Roger W. Hoss, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _Mia Quintero_ (Seal)
Notary Public

My Commission Expires: 8/15/15

MIA QUINTERO
MY COMMISSION # EE 122355
EXPIRES: August 15, 2015
Bonded Thru Notary Public Underwriters

9

**CERTIFICATE OF SERVICE**

The undersigned certifies that a precise copy of this pleading was filed with the Clerk, sending notice via ECF to counsel of record.

This 8th day of February, 2013.

By: */s/ Paul G. Wersant*
Paul G. Wersant