## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

KAHAMA VI, LLC,

      **Plaintiff,**

v.                                 **Case No.  6:12-cv-1922-T-30TBM**

HJH LLC,

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Amended Unopposed Motion to Consolidate this Case with Prior Pending Case and Response to Order to Show Cause (Dkt. 25).  The Court, having reviewed the motion and being otherwise advised in the premises, concludes the motion to consolidate should be granted.

## BACKGROUND

Plaintiff Kahama VI, LLC, moves to consolidate this foreclosure action ("Kahama II") with its other pending action before this Court, Case No. 8:11-cv-2029-T-30TBM ("Kahama I").  In the Kahama I case, Plaintiff seeks to recover damages for breach of a promissory note and guaranty agreements that secured a mortgage on the same property that it is now seeking to foreclose.  HJH, LLC, is a defendant in both actions, and Robert McMillan, William Riveiro, Kirsten Riveiro, and John Bahng are defendants solely in Kahama I as guarantors

on the note.  Plaintiff represents that counsel for Defendants does not oppose this motion to consolidate the two cases.

## MOTION TO CONSOLIDATE STANDARD

Under Federal Rule of Civil Procedure 42(a), if a court finds that two or more actions before the court "involve a common question of law or fact," then the court may: "(1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  The Rule "is permissive and vests a purely discretionary power in the district court," although district courts have been urged to use Rule 42(a) "to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995).  In exercising its discretion, a court must determine:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (*quoting Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

## DISCUSSION

The same parties are involved in both actions concerning the related issues of foreclosure on the property and breach of the note and guaranties of a mortgage securing that same property.  As the Court noted in its order on the motion for summary judgment, it is

unusual for a plaintiff to separate the two causes of action.  Thus, they may properly be consolidated.

Nonetheless, the procedural posture of the two actions is quite different.  Kahama I is set for trial in September 2013, and the dispositive motion deadline is July 15, 2013.  In Kahama II, the parties have yet to file a case management report.  Plaintiff also represents that it intends to file a motion for an amended complaint in Kahama I, incorporating the foreclosure action from Kahama II as well as adding additional claims based on Defendants' alleged misrepresentations concerning the state court quiet title action, Case No.:2008-20156-CINS.  In order to prevent further delay in Kahama I, Plaintiff shall file a motion to file an amended complaint within seven (7) days of the date of this Order.  If Plaintiff fails to file such a motion within the applicable time period, the parties shall file an amended case management report in Kahama I within fourteen (14) days of the date of this Order.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Amended Unopposed Motion to Consolidate this Case with Prior Pending Case and Response to Order to Show Cause (Dkt. 25) is GRANTED.

2.      The Clerk is directed to close Case No. 6:12-cv-1922-T-30TBM.

3.      All future filings shall be filed in Case No. 8:11-cv-2029-T-30TBM.

4.      If Plaintiff elects to file a motion to file an amended complaint in 8:11-cv-2029, it shall do so within seven (7) days of the date of this Order.

5.      If Plaintiff fails to file a motion to file an amended complaint within the applicable time period, the parties shall file an amended case management report in 8:11-cv-2029.

**DONE** and **ORDERED** in Tampa, Florida on June 17, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1922.mtconsolidate.frm